UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA COPELAND<br>2470 Griffith Drive<br>Cortland, OH 44410 | )<br>)<br>) | CASE NO. 4:17CV1187 |
| | ) | JUDGE BENITA Y. PEARSON |
| Plaintiff | )<br>) | |
| v. | )<br>) | **AMENDED COMPLAINT**<br>(Declaratory Judgment and Other Torts) |
| HCC LIFE INSURANCE COMPANY<br>225 TownPark Drive, Suite 350<br>Kennesaw, GA 30144 | )<br>)<br>) | **Jury Demand Endorsed Hereon** |
| and | ) | |
| HEALTH INSURANCE INNOVATIONS,<br>INC.<br>c/o Corporation Service Company<br>1201 Hays Street<br>Tallahassee, FL 32301 | )<br>)<br>)<br>)<br>) | |
| and | ) | |
| HEALTH OPTION ONE, LLC<br>c/o Seth Cohen<br>1002 East Newport Center Dr., Ste. 200<br>Deerfield Beach, FL 33442 | )<br>)<br>)<br>) | |
| Defendants | ) | |

MARTIN F. WHITE,
CO., L.P.A.
156 Park Avenue N.E.
P.O. Box 1150
Warren, Ohio 44482-1150
330/394.9692
Fax: 330/394.8589

The Plaintiff, SANDRA COPELAND, hereby alleges as follows:

## PARTIES

1. Plaintiff, SANDRA COPELAND, is an individual person who resides in the City of Cortland, Trumbull County, Ohio.

2. At all times relevant herein, the Defendant, HCC LIFE INSURANCE COMPANY, was a Georgia corporation with a principal place of business in the state of Georgia.

3. At all times relevant herein, the Defendant, HEALTH INSURANCE INNOVATIONS, INC., was a Delaware corporation with a principal place of business in the state of Florida.

4. At all times relevant herein, the Defendant, HEALTH OPTION ONE, LLC, was a Florida limited liability company with a principal place of business in the state of Florida.

## JURISDICTION AND VENUE

5. Jurisdiction is based upon 28 U.S.C. §1332 et seq. on the basis of diversity of citizenship and the amount in controversy exceeds the sum of Seventy-Five Thousand and 00/100 Dollars ($75,000.00) exclusive of interest and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

MARTIN F. WHITE,
CO., L.P.A.
156 Park Avenue N.E.
P.O. Box 1150
Warren, Ohio 44482-1150
330/394.9692
Fax: 330/394.8589

7. In early May 2016, Plaintiff, SANDRA COPELAND, conducted internet searches for the purpose of procuring a short term health insurance policy. One website offering such health insurance was operated by the Defendant, HEALTH INSURANCE INNOVATIONS, INC.

8. Plaintiff initiated a telephone call to a phone number that was listed on the website and spoke with an agent about a policy being offered by Defendant, HCC LIFE INSURANCE COMPANY (hereinafter "HCC"). Plaintiff had at least one telephone conversation with the agent who, upon information and belief, was named "Veronica". Plaintiff was told that the policy of insurance she was purchasing was not subject to the Affordable Care Act and would not cover her for any pre-existing conditions.

9. Plaintiff agreed to purchase the HCC policy knowing that she would not be covered for pre-existing conditions. She does not recall being asked any questions about what pre-existing conditions she may have or not have and answered all questions asked of her truthfully.

10. To the best of Plaintiff's recollection, she was never asked to sign any document. She provided "Veronica" with her debit card information and authorized her to deduct premium payments through her checking account.

11. On or about May 10, 2016, the Plaintiff made an online purchase through the website of a Short Term Medical Policy, ID#OHL1S2398000, from HCC. A copy of the policy is attached hereto as Exhibit 1. Monthly payments through the Plaintiff's debit card were withdrawn regularly for her coverage beginning on May 11, 2016.

MARTIN F. WHITE,
CO., L.P.A.
156 Park Avenue N.E.
P.O. Box 1150
Warren, Ohio 44482-1150
330/394.9692
Fax: 330/394.8589

12. The policy of insurance went into effect on May 11, 2016 and provides benefits including hospital room and board, care within an intensive care unit, physical therapy, care within an extended care facility, and other covered medical interactions.

13. Plaintiff paid agreed upon premiums for her coverage for the months of May, June, July, August, September, October and November of 2016.

14. On June 23, 2016, Plaintiff was involved in a motor vehicle accident and suffered severe injuries including a right wrist fracture, a fractured clavicle, a fractured right ankle and numerous fractured ribs.

15. As a consequence of her injuries, Plaintiff was hospitalized at St. Elizabeth Health Center of Youngstown, Ohio from June 23, 2016 through July 14, 2016, during which time she had multiple surgeries.

16. From July 14, 2016 through August 27, 2016, Plaintiff was confined to an extended care facility where she received skilled care.

17. Subsequent to her discharge from the skilled care facility, Plaintiff has had additional medical care including extensive physical therapy.

18. At all times herein mentioned, Plaintiff relied upon her policy with Defendant HCC as the source of health insurance coverage for her medical expenses and advised her medical providers to submit the expenses for her medical care to HCC.

19. At all times herein mentioned, Plaintiff complied with all conditions of her policy required to facilitate payment of her expenses for the expenses she incurred as a consequence of her injuries.

Martin F. White,
Co., L.P.A.
156 Park Avenue N.E.
P.O. Box 1150
Warren, Ohio 44482-1150
330/394.9692
Fax: 330/394.8589

20. HCC rejected payment of all of Plaintiff's expenses and refused to provide any reasonable justification while continuing to withdraw monthly premium payments from Plaintiff's checking account with her credit union.

21. On or about September 2, 2016, after numerous inquiries, Plaintiff's counsel was advised in a telephone conversation with a representative of HCC that no bills would be processed under Plaintiff's policy until it received records from Plaintiff's primary care physician going back five years to rule out any pre-existing condition.

22. On or about October 4, 2016, Plaintiff's counsel provided HCC with all available records from her primary care physician.

23. On or about October 19, 2016, Plaintiff's counsel again provided HCC with copies of all available records from Plaintiff's primary care physician.

24. On November 22, 2016, HCC advised Plaintiff that her policy was rescinded because she "misrepresented" her health in response to an underwriting question regarding treatment for diabetes Type II.

25. In support of its claim that Plaintiff misrepresented her health in response to an underwriting question, HCC relied in part on a short-term medical insurance application form purporting to have been signed on behalf of the Plaintiff by a person named Shareen Rodriguez, an "HCC Life Appointed Agent". A copy of the medical insurance application form is attached hereto as Exhibit 2.

MARTIN F. WHITE, CO., L.P.A.
156 Park Avenue N.E.
P.O. Box 1150
Warren, Ohio 44482-1150
330/394.9692
Fax: 330/394.8589

26. Upon information and belief, during the application process, Plaintiff had verbal conversations with Shareen Rodriguez and another individual named Victor McKay.

27. Upon information and belief, at the time of their interactions with the Plaintiff during the application process, Shareen Rodriguez and Victor McKay were acting as agents or employees of Defendant, HEALTH OPTION ONE, LLC in furtherance of the business activities of HEALTH INSURANCE INNOVATIONS, INC. and HCC.

28. HCC has terminated the policy and has refused to pay any of Plaintiff's expenses during the period that the policy was in effect.

29. Plaintiff denies that she was ever asked any questions regarding treatment for diabetes.

30. Plaintiff denies ever misrepresenting anything regarding her health at the time she applied for medical insurance from HCC or at any time thereafter.

31. Plaintiff denies making any false statement to any of the Defendants that was willfully false or fraudulently made in order to induce HCC to issue the policy.

32. Plaintiff denies ever signing any application of insurance or authorizing any other person to sign her name to any application of insurance or other contractual agreement.

MARTIN F. WHITE,
CO., L.P.A.
156 Park Avenue N.E.
P.O. Box 1150
Warren, Ohio 44482-1150
330/394.9692
Fax: 330/394.8589

33. As a consequence of the injuries she sustained in the motor vehicle accident of June 23, 2016, Plaintiff has incurred medical expenses in excess of $250,000.00 that the Defendant has refused to pay.

## COUNT ONE

### NEGLIGENT PROCUREMENT
**(Defendants Health Insurance Innovations, Inc. and Health Option One, LLC)**

34. Plaintiff reavers the allegations set forth in paragraphs 1 through 33 as if fully rewritten herein.

35. Defendants, HEALTH INSURANCE INNOVATIONS, INC. and HEALTH OPTION ONE, LLC, owed the Plaintiff a duty to exercise good faith and reasonable diligence in obtaining the health insurance that she requested.

36. Plaintiff relied upon the expertise of Defendants HEALTH INSURANCE INNOVATIONS, INC. and HEALTH OPTION ONE, LLC to procure for her the insurance coverage that she desired.

37. Defendants HEALTH INSURANCE INNOVATIONS, INC. and HEALTH OPTION ONE, LLC, by and through its agents and/or employees, negligently failed to adequately process the Plaintiff's application and procure the insurance coverage for which Plaintiff applied.

38. As a direct and proximate result of the negligent failure of Defendants HEALTH INSURANCE INNOVATIONS, INC. and HEALTH OPTION ONE, LLC to process Plaintiff's application and procure her health insurance, Plaintiff's health insurance policy through HCC was rescinded and HCC has refused to pay Plaintiff's medical expenses.

Martin F. White, Co., L.P.A.
156 Park Avenue N.E.
P.O. Box 1150
Warren, Ohio 44482-1150
330/394.9692
Fax: 330/394.8589

39. As a direct and proximate result of the negligent failure of HEALTH INSURANCE INNOVATIONS, INC. and HEALTH OPTION ONE, LLC to process her application and procure her health insurance coverage, Plaintiff has suffered emotional distress, embarrassment, humiliation, anxiety, fright, worry, and has otherwise been damaged.

40. As a direct and proximate result of the negligent failure of Defendants HEALTH INSURANCE INNOVATIONS, INC. and HEALTH OPTION ONE, LLC to process Plaintiff's application and procure her insurance coverage, Plaintiff has incurred additional expenses, including the costs of this litigation and has incurred attorney fees.

## COUNT TWO
## FAILURE TO EXERCISE GOOD FAITH
(Defendant HCC Life Insurance Company)

41. Plaintiff reavers the allegations contained within paragraphs 1 through 40 as if fully rewritten herein.

42. Defendant HCC's delay and refusal to pay Plaintiff's medical expenses and to cancel her policy were not predicated upon circumstances that furnish reasonable justification therefore and constitutes a failure to exercise good faith by the Defendant HCC.

43. The Defendant HCC's delay and refusal to pay Plaintiff's medical expenses and to cancel her policy are actions that constitute actual malice or fraud on the part of Defendant HCC.

44. As a consequence of Defendant HCC's failure to exercise good faith, Plaintiff has incurred additional expenses, including the costs of this litigation,

Martin F. White,
Co., L.P.A.
156 Park Avenue N.E.
P.O. Box 1150
Warren, Ohio 44482-1150
330/394.9692
Fax: 330/394.8589

and has incurred additional attorney fees, emotional distress, and has otherwise been damaged.

WHEREFORE, pursuant to Counts One and Two of this Amended Complaint, Plaintiff demands judgment against Defendants individually, jointly and severally, in an amount in excess of $75,000.00 plus costs, attorney fees, interest, and other relief the Court deems just and equitable; and pursuant to Count Two of this Amended Complaint, Plaintiff demands punitive damages and attorney fees against HCC LIFE INSURANCE COMPANY, and further asks that this Court declare and determine the following:

1. As of the policy inception date of May 11, 2016, Plaintiff was a covered person under HCC Life Insurance Company Short Term Medical Policy, ID# OHL1S2398000;

2. Plaintiff made no willfully false or fraudulent statements to the Defendants in order to induce the Defendant HCC to issue the policy;

3. Defendant HCC's termination of the policy was unjustified and without legal basis or effect;

4. Defendant HCC is obligated to pay all medical expenses incurred by the Plaintiff that are eligible for payment consistent with the terms and conditions of the policy;

Martin F. White,
Co., L.P.A.
156 Park Avenue N.E.
P.O. Box 1150
Warren, Ohio 44482-1150
330/394.9692
Fax: 330/394.8589

    5.  For such further relief as the Court deems just and the costs of this action.

                *s/Martin F. White*
                 MARTIN F. WHITE  #0009584
                 MARTIN F. WHITE CO., L.P.A.
                 156 Park Avenue, N.E.
                 P.O. Box 1150
                 Warren, OH 44482-1150
                 Tel. 330/394-9692
                 Fax 330/394-8589
                 MFW850@aol.com
                 Attorney for Plaintiff

Martin F. White,
Co., L.P.A.
156 Park Avenue N.E.
P.O. Box 1150
Warren, Ohio 44482-1150
330/394.9692
Fax: 330/394.8589

## JURY DEMAND

Plaintiff demands a trial by jury in this matter.

*s/Martin F. White*
MARTIN F. WHITE    0009584
Attorney for Plaintiff

Martin F. White,
Co., L.P.A.
156 Park Avenue N.E.
P.O. Box 1150
Warren, Ohio 44482-1150
330/394.9692
Fax: 330/394.8589

## CERTIFICATION

I hereby certify that the foregoing was filed electronically in accordance with this Court's electronic filing guidelines on the 16th day of November, 2017. Notice of this filing will be sent to those listed below via this Court's electronic filing system or, will be served by ordinary U.S. Mail, postage pre-paid, upon counsel or parties who are not sent electronic notification.

Shirley J. Christian, Esq.
Reminger Co., L.P.A.
11 Federal Plaza Central, Suite 1200
Youngstown, OH 44503

Kelly A. Johns, Esq.
Reminger Co., L.P.A.
11 Federal Plaza Central, Suite 1200
Youngstown, OH 44503

Attorneys for Defendant
HCC Life Insurance Company

                                                  *s/Martin F. White*
                                                  MARTIN F. WHITE
                                                  Attorney for Plaintiff

MARTIN F. WHITE,
CO., L.P.A.
156 Park Avenue N.E.
P.O. Box 1150
Warren, Ohio 44482-1150
330/394.9692
Fax: 330/394.8589